UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

—————————————

In re:

LAZY J. RANCH CORPORATION,

               Debtor.

_____/

Case No. 23-00137-swd
Chapter 11 (Subchapter V)
Hon. Scott W. Dales

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                    Chief United States Bankruptcy Judge

The court held an expedited hearing by remote means (Zoom) on March 20, 2023, to consider the Debtor's Motion for Entry of Order Authorizing Entering Into Executory Contract and Assumption (the "Motion," ECF No. 71). The court expedited its consideration of the Motion because the underlying transaction -- the redemption of two parcels of real estate following non-judicial foreclosure -- is time-sensitive. Indeed, the applicable redemption period expires tomorrow.

The Debtor, Honor Credit Union, 5016 M163 Investments, LLC, and the United States Trustee appeared through counsel; Kelly M. Hagan, Esq. (the Subchapter V trustee) and the Debtor's principals, Jeremy and Jacqueline Chittick, also attended the hearing. The non-debtor parties to the underlying agreement, Bruce and Debbie Lorenz (the "Lorenzes"), did not participate in the hearing.

The United States Trustee ("UST"), alone, opposed the relief the Debtor seeks through the Motion.

At the hearing, Debtor's counsel described his client's proposal as follows. If the court grants the Motion, the Lorenzes will have the option to pay the Debtor $10,000 plus the redemption

price under M.C.L. § 600.3240(4) ("Redemption Price").[1]  Upon such payment, the Debtor will remit the Redemption Price to Honor Credit Union, thereby voiding its sheriff's deed and restoring to the Debtor's estate its former interest in the two parcels.  The Debtor, thereafter, will be obligated to sell the two parcels to the Lorenzes through a court-supervised sale under § 363, subject to objection from interested parties, including the UST.  When the smoke clears, if the court grants the future sale motion that the Debtor expects to file, the Lorenzes will own the two parcels and the Debtor will be holding $10,000.00 in cash (received from the Lorenzes if the court grants today's Motion).  If the court denies the future motion, the estate will be holding the $10,000, title to the two parcels, and likely answering a demand or complaint from the disappointed Lorenzes who, in effect, financed the Debtor's redemption and paid $10,000 for a worthless purchase option.

At the outset, the court acknowledges the merits of the UST's several criticisms of the Motion.  For example, the court, too, perceives the inconsistencies between the Motion and the underlying agreement (the "Agreement," attached to the Motion as Exh. A), the Debtor's failure to disclose the family relationship between the Debtor's principals and the Lorenzes, the Debtor's mistaken reliance on 11 U.S.C. § 365 and Fed. R. Civ. P. 6006,[2] and its omission of any reference to §§ 363, 364, and Rules 4001(c) and 6004, notwithstanding the actual mechanics of the transaction as revealed during the hearing.

Nevertheless, the court takes note that if it denies the Motion (given the patent defects just described), the Debtor and other stakeholders will lose the $10,000,[3] and Honor Credit Union will

---

[1] Counsel for Honor Credit Union, the former mortgagee and successful purchaser at the sheriff's sale, estimated the Redemption Price at approximately $423,000.00.  The court leaves it to the parties and state authorities to determine the exact amount.

[2]  The Bankruptcy Code is set forth in 11 U.S.C. §§ 101 *et seq*.  Specific sections of the Bankruptcy Code are identified herein as "§ ___."  In addition, the Federal Rules of Bankruptcy Procedure are set forth in Fed. R. Bankr. P. 1001 *et seq*.  In the text of this opinion the court will refer to any rule simply as "Rule __."

[3] In considering possible stakeholders, the court is mindful that the UST has filed a motion to convert this case to chapter 7.

lose the benefits, if any, of receiving the Redemption Price tomorrow.  At the conclusion of the hearing, the court announced its intention to grant the Motion as modified and supplemented on the record.

To bring clarity to this unreasonably and avoidably confusing situation, the court is entering this Memorandum of Decision and Order to explain its decision.

First, although the financing of the Redemption Price is only implied in the Motion, the Lorenzes and others must understand that they will be extending to the Debtor an unsecured loan in the amount of the Redemption Price, allowable as an administrative expense.  *See* 11 U.S.C. § 364(b).  They will have no lien rights or other interest in estate property.  The concept of "notice and hearing" typically associated with such transactions is flexible enough to meet the exigencies of today's situation because, if the court does not act quickly, the benefit to the estate of any redemption rights will be irreparably lost.  *Id.* § 102(1); Fed. R. Bankr. P. 4001(c)(2).  The court does not perceive any risk to the estate here -- in a worst-case scenario, the Lorenzes extend the loan, the sale to them of the two parcels does not close, and they seek recovery under § 503(a).  The estate will have regained its former title to the real estate (free of Honor Credit Union's mortgages), and the estate will be holding $10,000 from the Lorenzes' option payment.

Second, the court is authorizing the Debtor to accept the $10,000 option payment under § 363, in exchange for its agreement to redeem the two parcels with funds the Lorenzes have agreed to advance.  In effect, the Debtor is using its rights of redemption which, if not property, are certainly akin to property.  The court is not relying on § 365.[4]  The $10,000 is not refundable and its payment will not give rise to any rights under § 503(a) or otherwise.

---

[4] Whether a contract is executory, or not, is generally assessed as of the petition date.  The Agreement described in the Motion is clearly post-petition, and therefore not subject to § 365.  *Energy Conversion Devices Liquidation Trust*

Third, the Debtor -- not the Lorenzes -- will be the entity exercising the statutory right of redemption by tendering the Redemption Price to Honor Credit Union or the register of deeds, as appropriate.  This will minimize confusion at the register of deeds office and avoid tainting any chain of title for the two parcels, or exciting confusion among title insurers, going forward.

Fourth, assuming the redemption takes place, the Debtor will again hold title to the two parcels and the Lorenzes will have an option to purchase them, assuming they pay the $10,000 together with the Redemption Price as predicted.  The Debtor will use its best efforts to carry out the sale as contemplated in the Motion and the Lorenzes may credit bid the Redemption Price they advanced, subject to court approval.

Fifth, the court is waiving the 14-day automatic stay that would otherwise apply under Rule 6004(h), in view of the urgency under M.C.L. § 600.3240.

Finally, to the extent that there is any inconsistency between this Memorandum of Decision and Order and the Motion and Agreement, the court's decision will control.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED on the terms provided herein, over the oral objection of the UST, and this Memorandum of Decision and Order shall take immediate effect, notwithstanding Rule 6004(h).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Lazy J. Ranch Corporation, Kelly M. Hagan, Esq., Honor Credit Union, the United States Trustee, and all entities requesting notice of these proceedings or appearing on the Debtor's mailing matrix.

---

*v. Ovonyx, Inc. (In re Energy Conversion Devices, Inc.)*, 621 B.R. 674, 706 (Bankr. E.D. Mich. 2020)(citing *COR Route 5 Co., LLC v. Penn Traffic Co.* (*In re Penn Traffic Co.*), 524 F.3d 373, 381 (2d Cir. 2008)).

IT IS FURTHER ORDERED that Debtor's counsel shall forthwith serve this Memorandum of Decision and Order upon the Lorenzes.

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 20, 2023**



Scott W. Dales
United States Bankruptcy Judge